# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HSBC BANK USA, N.A.,**

      **Plaintiff,**

-vs-                                  Case No. 6:12-cv-1309-Orl-22DAB

**WILLIAM L. ANDERSON, DEBRA L. ANDERSON, CHASE BANK USA, N.A., ALMOND TREE ESTATES HOMEOWNERS ASSOCIATION, INC., UNKNOWN TENANT 1, UNKNOWN TENANT 2 and ALL OTHER PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER, AND AGAINST A NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAME UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:** September 4, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the action be remanded, for absence of jurisdiction**.

According to the public records and the *pro se* Defendants' Notice of Removal[1], the Anderson Defendants seek to remove a mortgage foreclosure action, filed in state court on August 5, 2008. Doc. 1-1 at 8. A review of the state court public records reveals that the foreclosure action has been

---

[1] Defendants seek to have the matter handled in the "Federal Trade Commission Court." Doc. 1 at 2.

litigated through final judgment and the property is scheduled for judicial sale on August 28, 2012; the Notice of Removal was filed on the afternoon of August 27, 2012.[2] Defendants move to proceed *in forma pauperis* in this matter. As the Court sees no basis for jurisdiction over this matter, it is **respectfully recommended** that the motion be **denied** and the matter be remanded to state court.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and

---

[2] The state court docket reveals a sale date and time of August 28, 2012 at 11:00 AM. The Notice of Removal was stamped as received in this Court at 2:08 PM on August 27, 2012.

the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Procedurally, removal is governed by Title 28 U.S.C. § 1446. The removal provisions of Title 28 were among the provisions amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Under the most recent version of the statute, applicable here:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012). The Act also provides:

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3) (2012).

> (c) Requirements; removal based on diversity of citizenship.–(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. §1446 (c)(1) (2012).

According to the Act, "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Pub. L. No. 112-63, § 105(d), 125 Stat. 758 (codified as amended at 28 U.S.C.A. § 1332). Under Florida law, commencement of a civil action occurs when the complaint is filed. *Jones v. Fort Dodge Animal Health,* 2006 WL 1877103 , *3 (N.D. Fla. 2006), *citing* Fla. R. Civ. P. 1.050; *see also Theodorou v. Burling*, 438 So.2d 400 (Fla. 4th DCA 1983).

Applied here, it is plain that removal was improper. To the extent Defendants purport to remove the original mortgage foreclosure complaint, such removal is untimely as it occurred years after the commencement of the action. *See* 28 U.S.C. § 1446(b)(1). Although Defendants purport to assert, for the first time in the removal petition, their own "claims" under various federal statutes, they have not asserted any such counterclaims in the litigation being removed, and such assertions would be futile under the well-pleaded complaint doctrine. Under 28 U.S.C. § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States; however, the decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). In this case, Plaintiff HSBC Bank alleged only two counts, for the mortgage foreclosure and for re-establishment of the note; no federal claim was pled. Doc. 5.

Moreover, assuming removal is attempted to be predicated on diversity jurisdiction, such removal is barred under the one year limit of 28 U.S.C. §1446 (c)(1)[3]. Although untimeliness is a procedural defect that may not subject a complaint to *sua sponte* remand, the Court is nonetheless without jurisdiction to proceed, even if removal were timely (which is not the case).

---

[3]Defendants "Memorandum of Law" cites several inapposite cases in an attempt to argue an "equitable exception to the one year rule" should apply where the defendant has engaged in "gamesmanship." Doc. 2.

-4-


As noted, the state court record includes a final judgment against these Defendants[4]. This Court has no jurisdiction to relieve them from a judgment rendered in a court of competent jurisdiction. To the extent Defendants purport to challenge the final decision of the state court in the foreclosure proceeding, they runs afoul of the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court may conduct an appellate review of a state court decision unless Congress specifically permitted it to do so. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As such, removal is unavailable as a matter of law.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

---

[4] Final Judgment was entered on April 3, 2009. Doc. 1-1 at 6. The case was stayed when Defendants had two bankruptcy proceedings pending, which were both subsequently dismissed, and the sale was rescheduled after several emergency motions to cancel.

"When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Clark,* 915 F.2d at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785 (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).  This analysis is equally compelling where Defendants seek to proceed as paupers in a case they have improvidently removed.

As there is no jurisdiction over this state court matter, the motion to proceed *in forma pauperis* should be **denied,** and the case **remanded** to state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 24, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy